## HARMON K. VANDERBILT v. THE CENTRAL RAILROAD COMPANY OF NEW JERSEY.

Submitted March 9, 1904—Decided June 13, 1904.

In an action for personal injuries, the plaintiff failed to testify to his most serious injury until his attention was called to it by a leading question of his counsel. The defendant was surprised by the testimony, and evidence subsequently taken indicated that the injury in question was of long standing. *Held*, that a new trial should be granted.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, GARRISON and SWAYZE.

For the plaintiff, *William C. Gebhardt.*

For the defendant, *George Holmes* and *George H. Large.*

The opinion of the court was delivered by

SWAYZE, J. The only question that requires consideration is the amount of the damages. The verdict was for $3,000.

If the injuries of which the plaintiff complains were the result of the accident, the amount is not excessive, but the evidence leads us to believe that there is a very grave doubt whether the femoral hernia was caused by this accident. This was decidedly the most serious injury complained of, yet when the plaintiff was examined as a witness in his own behalf, he testified as follows:

"*Q.* What was the result of your being pulled through there, as you have described, by your horse?

"*A.* My injuries—my teeth knocked out—one clear out and one knocked loose so that it shook out; it came out afterwards.

"*Q.* What else?

"*A.* I had my ribs broke, a cut in my head and my shoulder and a bad scrape right there, on my leg (indicating).

"*Q.* And what else?

"*A.* My wagon broke.

"*Q.* Did you receive a rupture? [Objected to.]

"*Q.* Did you receive anything else?

"*A.* Yes, sir; I am ruptured from going through that culvert."

In view of the fact that the plaintiff's physicians testified that death was a not improbable result of this hernia, that it was incurable, and that the chances of death from an operation were one in two, we think it is remarkable that the plaintiff should have overlooked so grave an injury—the most serious result of the accident—until his attention was called to it by his counsel's leading question, which was clearly improper. Although this question was immediately objected to, and another question asked, the harm was then done, and nothing could be gained by striking out the testimony, however much the defendant was prejudiced by this method of examination.

The testimony taken upon this rule suggests that the rupture of the plaintiff was of long standing. The plaintiff's wife was subpœnaed to testify before the commissioner, and the record discloses that the plaintiff's counsel insisted upon a right to converse with the witness before she testified, and

did so. Thereupon counsel for the defendant asked the witness to take the stand to testify, and plaintiff's counsel replied that she would take the stand in a few minutes. We think, in view of the object of taking the testimony before the commissioner, which object had already been disclosed, fairness at least required that the defendant be allowed to examine this witness without previous interference by plaintiff's counsel.

The defendant seems to have been surprised by the testimony at the trial as to the rupture, and justice requires a new trial.

The rule should be made absolute.